| | USDC SDNY |
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: |
| | DATE FILED: 5 19 2023 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - v. -

JAMES CAHILL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

     :   CONSENT PRELIMINARY ORDER
        OF FORFEITURE AS TO SPECIFIC
     :   PROPERTY/MONEY JUDGMENT

     :   20 Cr. 521 (CM)

WHEREAS, on or about October 1, 2020, JAMES CAHILL (the "Defendant"), among others, was charged in a three-count Indictment, 20 Cr. 521 (CM) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); honest services fraud conspiracy, in violation of Title 18, United States Code, Sections 1343, 1346, and 1349 (Count Two); and conspiracy to violate the Taft-Hartley Act, in violation of Title 18, United States Code, Section 371 (Count Three);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, on or about October 1, 2020, pursuant to seizure warrant 20 Mag. 10529, issued by the Hon. Robert W. Lehrberger, United States Magistrate Judge for the Southern District of New York, the Government seized the following specific property: $200,000 in United

States currency from the Defendant's safe deposit box number 68 at Chase Bank in Orangeburg, New York (the "Specific Property");

WHEREAS, on or about December 6, 2022, the Defendant pled guilty to Count Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to \$249,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and (ii) all of his right, title and interest in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of \$249,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitutes proceeds traceable to the commission of the offense charged in Count Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Frank J. Balsamello, Marguerite B. Colson, Jun Xiang, and Laura De Oliveira, of counsel, and the Defendant and his counsel, Sanford Talkin, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $249,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JAMES CAHILL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order

of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to

Rule 32.2 of the Federal Rules of Criminal Procedure.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    _____            $\underline{5/18/23}$
       FRANK J. BALSAMELLO                      DATE
       MARGUERITE B. COLSON
       JUN XIANG
       LAURA DE OLIVEIRA
       Assistant United States Attorneys
       One St. Andrew's Plaza
       New York, NY 10007
       (212)-637-2325/2587/2289

JAMES CAHILL

By:    _____            $\underline{5/18/1\}}$
       JAMES CAHILL                             DATE

By:    _____            $\underline{5/18/1\}$
       SANFORD TALKIN, ESQ.                     DATE
       Attorney for Defendant
       Talkin, Muccigrosso & Roberts, LLP
       40 Exchange Place, 18th Floor
       New York, New York 10005

SO ORDERED:

_____                   $\underline{5/18/2023}$
HONORABLE COLLEEN MCMAHON                       DATE
UNITED STATES DISTRICT JUDGE                    3: 42 pm